IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND JOEL TAFOYA,

Petitioner, No. 2:07-cv-2389-GEB-KJN P

vs.

R.J. SUBIA, Warden,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________________/

Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a decision in 2005 by the California Board of Parole Hearings to deny him parole. This matter is before the court on respondent's motion to dismiss. Respondent contends that petitioner's claims are barred by the statute of limitations and that the petition must be dismissed.

I. Statute of Limitations

Section 2244(d) of Title 28 of the United States Court sets forth a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

////

    > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244. Where, as here, the petitioner challenges an administrative decision to deny parole, the limitation period is governed by the provisions of 28 U.S.C. § 2244(d)(1)(D). See Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003). The following facts are relevant to the statute of limitations analysis.

1. On October 12, 2005, the Board decided, at the conclusion of its hearing and in petitioner's presence, that petitioner was denied parole. (Pet. at 29-26.) The transcript of this hearing decision provided in pertinent part:

> PAROLE DENIED THREE YEARS.
> THIS DECISION WILL BE FINAL ON FEB. 9, 2006.[1]
> YOU WILL BE PROMPTLY NOTIFIED, IF PRIOR TO THAT DATE, THE DECISION IS MODIFIED.

(Id. at 36.)

////

---

[1] See Cal. Penal Code § 3041(b); 15 C.C.R. §§ 2041(h), 2043 (parole board decisions become final 120 days after the date of hearing).

2. On January 6, 2006, petitioner signed and dated a petition for writ of habeas corpus directed to the California Superior Court in Alameda County. (Mot., Ex. 1.) The petition was file stamped in that court on January 11, 2006. (Id.) It was denied on January 13, 2006. (Mot., Ex. 2.)

3. On January 25, 2006, petitioner signed and dated a petition for writ of habeas corpus directed to the California Court of Appeal. (Mot., Ex. 3.) By order filed February 2, 2006, the petition for writ of habeas corpus was denied. (Mot., Ex. 4.)

4. On March 1, 2006, petitioner signed and dated a habeas corpus petition to be filed in the California Supreme Court. (Mot., Ex. 5.) The petition was file stamped in that court on March 3, 2006. (Id.) It was denied by order filed January 17, 2007, with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Dexter, 25 Cal. 3d 921 (1979). (Mot., Ex. 6.)

5. On November 1, 2007, petitioner filed the instant action.[2]

II. Application of 28 U.S.C. § 2244(d)(1)(D)

Respondent argues the statute of limitations period began to run on October 13, 2005, the day after the parole hearing, because petitioner had notice of the Board's decision at that hearing and was thus aware of the factual predicate for his claims.

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, supra, 343 F.3d at 1080-83 (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on

[2] The petition was not signed or dated as required under Fed. R. Civ. P. 11. However, the failure of petitioner to sign the pleading does not deprive this court of jurisdiction to dismiss the petition. Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080.[3] The Ninth Circuit affirmed, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Id., at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Redd, 343 F.3d at 1082, n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such

---

[3] California has since eliminated administrative appeals for parole board decisions. See, e.g., Jacobson v. Schwarzenegger,357 F. Supp. 2d 1198, 1208 (C.D. Cal. 2004); Lawson v. Woodford, 2005 WL 1489859, *3 (E.D. Cal. 2005); Stratton v. Marshall, __ F. Supp. __, 2009 WL 1759694, *4 (E.D. Cal. 2009) (citing Cal. Admin. Code, tit. 15 § 2050).

cases on the date the administrative decision becomes final. Redd, 343 F.3d at 1084 (citing Wade, Cook, and Burger). The Ninth Circuit expressly declined to adopt the Fifth Circuit's approach where it had been determined that the limitations period begins to run "when the initial administrative decision is made." Id. at 1084, n. 11 (citing Kimbrell). Subsequently, in Shelby v. Bartlett, the Ninth Circuit decided what it had assumed in Redd:

> [Section] 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted).

In both Redd, 343 F.3d at 1084-85, and Shelby, 391 F.3d at 1065-66, the Ninth Circuit appears to have found that the statute of limitations under 2244(d)(1)(D) only begins to run once the administrative decision is final, subject to the petitioner receiving proper notice. In other words, the date for discovery with "the exercise of due diligence" of the "factual predicate" of petitioner's claim cannot occur until the decision is deemed final by the relevant administrative authority. 28 U.S.C. § 2244(d)(1)(D). Although the court cannot locate a Ninth Circuit decision speaking precisely to the specific question whether, in light of the elimination of the administrative appeal process for parole decisions (see n. 3, supra), the trigger date for a parole denial is the date of the initial hearing decision or the date on which the administrative decision becomes final as determined by the administrative entity, the relevant precedent militates for a finding that the date is triggered when the parole decision is determined to be final administratively. In addition, in the instant case, the Board expressly stated on the hearing transcript that its decision would not be final until February 9, 2006, thus implying that a modification could occur prior to that date.

Therefore, even assuming petitioner was fully aware that his parole was tentatively denied as of the October 9, 2006 hearing, and the reasons therefore, the notification at the end of the hearing transcript regarding when the decision would in fact become "final"

suggested that any earlier–filed state court petition challenging the decision might be premature. See, e.g., Solorio v. Hartley, 591 F. Supp. 2d 1127, 1129–30 (C.D. Cal. 2008) (finding AEDPA statute of limitations began to run after the parole decision became final); accord, Staffiero v. Clark, 2009 WL 3748499 (E.D. Cal. 2009), quoting Webb v. Walker, 2008 WL 4224619 *4 (E.D. Cal. 2008) ("[t]aken in the proper context and the discussion of the Redd panel, the true holding in Redd is that the time starts to run when the administrative decision is final").

Accordingly, in light of existing precedent and the Board's express notification of the future date of final decision on the transcript of the October 12, 2005 hearing, this court finds that the trigger date for the running of the statute was February 9, 2006, with a commencement date of February 10, 2006, see Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Absent the statutory tolling noted below, the limitations period would have ended one year later.  However, petitioner filed his first state court challenge to the Board's decision on January 6, 2006,[4] before the limitations period began to run on February 10, 2006.[5] Respondent agrees that petitioner is entitled to statutory tolling during the pendency of his state court petitions, from January 6, 2006, through January 17, 2007, the date the California Supreme Court denied the petition.  Because petitioner filed his state court petition before the statute of limitations period commenced, and this period did not end until January 17, 2007, the one-year

---

[4] Respondent has not challenged the dates on which petitioner signed and dated each of the petitions as the date on which the documents were delivered to prison officials for mailing to the respective courts.  Accordingly, the court treats those dates as the filing dates for each petition.  See Houston v. Lack, 487 U.S. 266 (1988).

[5] Pursuant to this trigger date for commencement of the statute of limitations (February 10, 2006), petitioner's petitions filed both in the Superior Court and Court of Appeal were prematurely filed (January 6, 2006, and January 25, 2006, respectively).  While each petition could have been dismissed without prejudice as premature, this option was addressed neither by the State nor the state courts.  Since the substance of the decisions would not have been different had the petitions been timely filed, petitioner ultimately exhausted all state court remedies before the instant federal petition, and as the issue is not raised by either party, this court does not further address the matter.  However, this scenario underscores the importance of obtaining further direction from the Ninth Circuit in applying the AEDPA statute of limitations to California parole decisions.

clock did not start to run until January 18, 2007. The limitations period therefore expired on January 17, 2008. Petitioner filed the instant federal habeas petition on November 1, 2007, well within this one–year period. The instant petition was therefore timely filed, and respondent's motion to dismiss this action as barred by the statute of limitations should be denied. The court need not reach the issue of equitable tolling.

III.   Motion to Summarily Dismiss Claims

Because the instant petition is not signed, dated or verified, the court declines to address respondent's motion to dismiss claims based on state law or the claim of ineffective assistance of counsel. The Clerk of the Court will be directed to send petitioner a copy of page 8 from the petition. Petitioner will be directed to sign, date and return page 8, or provide a signed and dated verification form. Once petitioner files the verification, respondent shall file an answer to the petition, including these claims, and petitioner shall have thirty days in which to file a reply.

IV.   Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 27, 2009 motion to dismiss (Docket No. 19) be denied;

2. The Clerk of the Court be directed to send petitioner a copy of page 8 of the November 1, 2007 petition;

3. Within twenty-one days from the date of any order adopting these findings and recommendations, petitioner shall file a signed and dated page 8 for interlineation into the court record or he may file a separate verification form, so long as it is signed and dated and verifies the accuracy of the November 1, 2007 petition;

4. Respondent be directed to answer the petition within thirty days from the date petitioner provides the signed verification, and shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application that are not already part of the record; and

5. Petitioner's reply, if any, be due on or before thirty days from the date respondents' answer is filed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tafo2389.mtd